**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| ILLUMINATION MANAGEMENT , | ) | |
| SOLUTIONS, INC. | ) | |
|        Plaintiff, | ) | |
| | ) | Case No. 10-cv-01120 |
| v. | ) | |
| | ) | Judge Rudolph T. Randa |
| ALAN RUUD, CHRISTOPHER RUUD, AND | ) | |
| RUUD LIGHTING, INC., | ) | |
|        Defendants. | ) | |

---

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

---

      This matter has come before this Court upon stipulation of the parties. The parties

recognize that, during the course of this action, they and non-parties may need to disclose,

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, private information, trade secrets

and other proprietary and confidential technical or commercial information. The parties believe

that good cause exists for the entry of this Protective Order because they are competitors in the

same field of business.

      ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the

handling of confidential information in this action:


1. PURPOSES AND LIMITATIONS

      Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; General Local Rule 79(d) and Civil Local Rule 26(e)(G) set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items, documents, information or things, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: documents, information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards of Federal Rule of Civil Procedure 26(c).

2.4 <u>"HIGHLY CONFIDENTIAL" Information or Items</u>: extremely sensitive

"Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury, such as information that would reveal significant technical or business advantages of the Producing Party, that could not be avoided by less restrictive designation.

2.5 "HIGHLY CONFIDENTIAL– PROSECUTION BAR" Information or Items:  a narrow subset of "HIGHLY CONFIDENTIAL" Information or Items relating to future products or to ongoing research and development not yet included in existing products.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

2.9 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR."

2.10. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 House Counsel: attorneys who are employees of a Party.

2.12 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.13 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant, advisor or investigator in this action and who is not a current employee of a Party or a current employee of a competitor of a Party, and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.


3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. By entering this Stipulation and Order, this Court is making no finding whether or not any Protected Material qualifies as a trade secret under the Wisconsin Uniform Trade Secrets Act, Wis. Stat. Ann. Sec.134.90, the Uniform Trade Secrets Act, or any other applicable trade secrets statutes.


4. <u>DURATION</u>

This Order shall survive the final conclusion of the action and the Court shall have

jurisdiction to enforce this Order beyond the conclusion of this action. Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), 5.2(b) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated. Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" on each page that contains Protected Material.  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings) that has been designated

"HIGHLY CONFIDENTIAL – PROSECUTION BAR", the Producing Party shall make reasonable efforts to assure this information is produced separately from or under separate cover from information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" to allow easier identification of "HIGHLY CONFIDENTIAL – PROSECUTION BAR" information.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – PROSECUTION BAR" After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ( e.g., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR") on each page that contains Protected Material.

(b) for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected material, and further specify any portions of the testimony that qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR." Alternatively, a producing party may designate testimony or information disclosed at a deposition as protected material by notifying all parties, in writing, within fourteen (14) days of receipt of the certified copy of the transcript of the deposition, of the specific pages and lines of the transcript that are to

be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR." Unless a party specifically requests during the deposition another designation, all depositions shall be treated as "HIGHLY CONFIDENTIAL" from the taking of the deposition until fourteen (14) days after receipt of the certified copy of the transcript.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. When information that could support a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR," is communicated in a deposition, any Party shall be permitted to exclude from attendance at the deposition any person not entitled to receive such information.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions with the appropriate confidentiality designation

5.3 Inadvertent Failure to Designate. No receiving party shall be under any obligation of confidentiality with respect to Discovery Material until a designation is made. A failure to

designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"

or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such Discovery. If material is

appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL – PROSECUTION BAR" after the Discovery Material was initially produced,

the Receiving Party, on timely notification of the designation, must make reasonable efforts to

assure that the Discovery Material is treated in accordance with the provisions of this Order.


6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's

confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

economic burdens, or a later significant disruption or delay of the litigation, a Party does not

waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

    6.2 Attempt to Resolve Disputes Without Court Intervention. A Party that elects to

initiate a challenge to a Designating Party's confidentiality designation must do so in good faith

and must begin the process by contacting counsel for the Designating Party whether orally or in

writing. In conferring, the challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party a reasonable

opportunity to review the designated material, to reconsider the circumstances, and, if no change

in designation is offered, to explain the basis for the chosen designation. If the Parties fail to

resolve any dispute informally in the manner prescribed herein, a challenging Party may then request the Court to resolve any such dispute.

6.3 <u>Judicial Intervention</u>. A Party that elects to contest a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under the Civil Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has attempted in good faith to work with the non-movant to informally resolve the dispute, according to the procedure set forth in subsection 6.2 herein, and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below "FINAL DISPOSITION."

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and the following three additional employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" attached hereto as Exhibit A;

for Alan Ruud, Christopher Ruud, and Ruud Lighting, Inc. ("the Ruuds"):

Three additional employees to be designated in writing by Ruuds at a later time.

for Illumination Management Solutions, Inc. ("IMS"):

Three additional employees of IMS or Cooper Lighting LLC to be designated in writing by IMS at a later time.

(c) Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who the receiving party has a reasonable belief had previously either had knowledge of the Protected Material or would have had access to the Protected Material in the ordinary course of the witness's duties for the Producing Party.  To the extent the Producing Party in good faith believes it is necessary, the Producing Party may request that any such witness execute a Declaration of Confidentiality (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or a recipient of the document or the original source of the information;

(h) any person who is permitted to see "HIGHLY CONFIDENTIAL" Information or items.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Declaration of Confidentiality" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and Professional Vendors to whom disclosure is

reasonably necessary for this litigation and who have signed the "Declaration of Confidentiality" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who the receiving party has a reasonable belief had previously either had knowledge of the Protected Material or would have had access to the Protected Material in the ordinary course of the witness's duties for the Producing Party. To the extent the Producing Party in good faith believes it is necessary, the Producing Party may request that any such witness execute a Declaration of Confidentiality (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) the author or recipient of the document, or the original source of the information;

(g) one House Counsel for Ruuds who has signed the Declaration of Confidentiality (Exhibit A); (to be designated in writing later);

(h) one House Counsel for Cree, Inc. who has signed the Declaration of Confidentiality (Exhibit A) (to be designated in writing later); and

(i) two House counsel, either for Cooper Lighting LLC or for IMS, who have signed the Declaration of Confidentiality (Exhibit A)(to be designated in writing later);

7.4 <u>Procedures for Approving Disclosing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" Items to Experts</u>. Prior to disclosure of any documents or information designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" to any Expert, each such Expert shall execute a declaration in the form of attached Exhibit A and a copy of the executed declaration shall be served upon opposing counsel. The latter may object within seven (7) business days from the date of service and must set forth with specificity the basis for any such objection. In the event an objection is timely served, no disclosure shall occur until the objection is resolved. Any such objections must be based on good cause. Attorneys of record for each of the parties shall retain all of the original executed declarations.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR," the Receiving Party must so notify the Designating Party, in writing (by email, if possible) immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Declaration of Confidentiality" that is attached hereto as Exhibit A.

10. <u>USE OF "PROTECTED MATERIAL" IN CONDUCT OF THIS ACTION</u>

(a) Protected Material may be used by the attorneys of record in good faith in conducting discovery, including depositions, provided that the Protected Material is protected pursuant to the terms and conditions of this Protective Order.

(b) During the course of any deposition, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR," or when counsel for a person (Party or nonparty)

deems in good faith that the answer to a question may result in the disclosure of Protected

Material within the meaning of this Order, counsel for the person whose information is involved,

at his or her option, in lieu of taking other steps available in such situation, may direct that the

transcription of the questions and answers be marked as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR". When such a

direction has been given, the disclosure of the testimony shall be limited in the manner specified

in Section 7 of this Protective Order, and the information contained therein shall not be used for

any purpose other than as provided in this Order. Counsel for the person whose Protected

Material is involved may also request that all persons other than the reporter, counsel, and

individuals authorized under Section 7 of this Protective Order leave the deposition room during

the confidential portion of the deposition. The failure of such other persons to comply with a

good faith request to leave the deposition shall constitute substantial justification for counsel to

advise the witness that he or she need not answer the question.

(c) Notwithstanding the Parties' designation of Protected Material, any court hearing that

refers to or describes Protected Material shall in the Court's discretion be held in open court with

records unsealed, unless there is a specific showing under law that confidentiality is required.

The Designating Party has the option to request that the proceeding be conducted *in camera*, out

of the presence of all persons who are not qualified persons pursuant to Section 7 of this Order

(depending on the level of confidentiality designated for such Protected Material), and that any

transcript relating thereto, subject to the Court's approval, be designated as Protected Material.

(d) A Party that seeks to file under seal any Protected Material must comply with General

Local Rule 79 and Civil Local Rule 26(e)(1)(G) and (H), and the General Order on Electronic Case Filing. The Parties understand that the current applicable General Order on Electronic Case Filing requires that any documents to be filed under seal be filed in paper format with separate service on opposing counsel, rather than by electronic filing.

(e) If the court clerk refuses to lodge or file a sealed pleading or memorandum, the Party attempting to file or lodge the pleading or memorandum shall not be prejudiced from refiling an unsealed version of the pleading or memorandum as soon as reasonably practicable, and seeking to have such pleading or memorandum sealed through a motion. Should a Party fail to file or lodge any Protected Material in accordance with this Protective Order, any Party who in good faith believes that designation and filing under seal is required may do so within ten (10) days of learning of the defective filing or lodging. Notice of such designation shall be given to all parties.

11. <u>PROSECUTION RESTRICTIONS</u>

(a) Any person who, on behalf of a receiving party to this action, has received or reviewed any Protected Material designated by another party as "HIGHLY CONFIDENTIAL – PROSECUTION BAR" (or similar designation), or any confidential information derived therefrom, shall not prosecute, file, or supervise the prosecution of any patent application relating to any light emitting diodes ("LEDs"), optical systems for LEDs, or lighting systems including LEDs, from the date he/she receives the material until three (3) years following the date that

either (i) a final, non-appealable judgment is entered in this matter or (ii) this matter is settled, unless he/she obtains the written consent of the party who designated the Protected Material.

(b) This restriction does not apply generally to the law firms involved in this litigation, but it does apply to the specific individuals who have access to Protected Material. For purposes of this paragraph, prohibited patent prosecution shall include, without limitation: preparation of the originals and/or any amendments to original, continuation, divisional, continuation-in-part, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications; claim drafting; or consultation on any of the above matters with others performing these activities. This paragraph shall not restrict consultation regarding strictly procedural or legal aspects of patent prosecution that do not involve the substance, or technical nature of an application. This paragraph shall not prohibit any person from receiving or reviewing (i) any publicly available information; or (ii) any listing of allowed patent claims, whether or not publicly available.

(c) If any party successfully challenges under Section 6 the producing party's designation of documents or testimony as "HIGHLY CONFIDENTIAL – PROSECUTION BAR" the restriction in this Section shall no longer attach to the review of said documents or testimony.

12. FINAL DISPOSITION.

Within sixty (60) days following final termination of this action, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each Party shall assemble and return, or destroy and certify destruction of, all materials containing Protected Material to the

Producing Party, including all copies, extracts and summaries thereof, to the Party from whom the Protected Material was obtained, except that (a) any documents or copies which contain, constitute or reflect attorney work product or attorney-client communications, and (b) archive copies of pleadings, motion papers, deposition transcripts, correspondence, expert reports and written discovery responses may be retained by counsel, subject to a continuing obligation to protect all such Protected Material pursuant to this Order.

13. MISCELLANEOUS

    13.1 <u>Right to Further Relief</u>. The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either Party may apply to the Court for a modification to this Order.

    13.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    13.3 <u>Non-Protected Material</u>. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any Party of any information, document, item or thing (for which no other obligation of confidentiality exists): (a) that are currently in a Party's or individual's possession, custody, or control; (b) that later come into the possession of a Party to this action from others lawfully in possession of such

information, documents, items or things who are not parties to this action or bound by this or a comparable Order or obligation; (c) that are in the public domain; or (d) that are required to be disclosed by any law, regulation, order, or rule of any governmental authority, subject to Section 8 above.

13.4 <u>Protection of Attorney-Client Communications and Attorney Work Product</u>. Inadvertent production of Discovery Material which constitutes attorney work product or attorney-client communications shall not constitute a waiver of the protection or privilege, either in this action or in any other federal or state court action pursuant to F.R.E. 502(d). Inadvertently produced Discovery Material, and all copies thereof, shall be returned to the Producing Party upon request. The Producing Party shall immediately provide the Receiving Party a log of the inadvertently produced documents pursuant to Rule 26(b)(5). No use may be made of such Discovery Material subsequent to the request to return them. Nothing in this Order shall prevent the Receiving Party from requesting that the Court order the production of any such inadvertently produced Discovery Material.

13.5 <u>Advice of Counsel</u>. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated unless permitted hereunder, agreed upon by the parties or authorized by the Court.

The parties agree to abide by and be bound by the terms of this Stipulated Protective Order upon signature by their attorneys.

| | |
|---|---|
| By _____<br>John S. Skilton, Bar No. 1012794<br>JSkilton@perkinscoie.com<br>Christopher G. Hanewicz, Bar No. 1034160<br>CHanewicz@perkinscoie.com<br>Michelle M. Umberger, Bar No. 1023801<br>MUmberger@perkinscoie.com<br>Autumn N. Nero, Bar No. 1060065<br>ANero@perkinscoie.com<br>**Perkins Coie LLP**<br>One East Main Street<br>Suite 201<br>Madison, WI 53703-5118<br>Telephone: 608.663.7460<br>Facsimile: 608.663.7499<br><br>Rodger K. Carreyn, CA Bar No. 210432<br>RCarreyn@perkinscoie.com<br>**Perkins Coie LLP**<br>1888 Century Park E.<br>Suite 1700<br>Los Angeles, CA 90067-1721<br>Telephone: 310-788-9900<br>Facsimile: 310-788-3399<br><br>Attorneys for Defendant<br>Ruud Lighting, Inc. | By _____<br>Craig Weinstock<br>cweinstock@lockelord.com<br>Robert J. McAughan, Jr.<br>bmcaughan@lockelord.com<br>Bruce J. Cannon<br>bcannon@lockelord.com<br>**LOCKE LORD LLP**<br>2800 JPMorgan Chase Tower<br>600 Travis<br>Houston, Texas 77002<br>Telephone: 713-226-1200<br>Facsimile: 713-223-3717<br><br>J. Matthew Goodin<br>jmgoodin@lockelord.com<br>**LOCKE LORD LLP**<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Phone: 312-443-0700<br>Facsimile: 312-896-6472<br><br>Attorneys for Plaintiff<br>Illumination Management Solutions, Inc. |
| Dated: January __, 2012 | Dated: January __, 2012 |

**APPROVED AND SO ORDERED**  this 14th day of February, 2012.

BY THE COURT:

_____
HON. RUDOLPH T. RANDA
U.S. District Judge

# EXHIBIT A

ILLUMINATION MANAGEMENT ,      )
SOLUTIONS, INC.                  )
             Plaintiff,       )
                         )     Case No. 10-cv-01120
v.                        )
                         )     Judge Rudolph T. Randa
ALAN RUUD, CHRISTOPHER RUUD, AND  )
RUUD LIGHTING, INC.,         )
                  Defendants.         )

_____

**DECLARATION OF CONFIDENTIALITY**

_____

       I, _____, hereby declare as follows. I certify that I have received and carefully read the Stipulation and Order Regarding Confidentiality in this action and that I fully understand the terms of the Order.  I recognize that I am bound by the terms of that Order, and I agree to comply with those terms.  I will not disclose to anyone other than those to whom disclosure is permissible under the "Stipulation and Order Regarding Confidentiality" any confidential information on documents and things designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR"  I will return, to counsel for the party which disclosed documents or things to me, all documents and things designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – PROSECUTION BAR" which may come into my possession (and all copies thereof), doing so promptly upon the conclusion of this litigation.

       I hereby consent to the personal jurisdiction of the United States District Court Eastern District of Wisconsin for any proceedings involving enforcement of that Order against me or of the terms of this Declaration.  I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

       EXECUTED this _____ day of _____, _____.

Name                                Present Employer or Other Business Affiliation

_____      _____

Signature                           Business Address

_____      _____