# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ILLUMINATION MANAGEMENT
SOLUTIONS, INC.,

     Plaintiff,

    -vs-          **Case No. 10-C-1120**

ALAN RUUD, CHRISTOPHER RUUD,
and RUUD LIGHTING,

      Defendants.

## DECISION AND ORDER

This action, originally filed in the Central District of California, arises out of the relationship between erstwhile collaborators in the lighting industry which, according to the Plaintiff Illumination Management Solutions, Inc. ("IMS"), has lost its glow because the Defendants misappropriated IMS's confidential and proprietary light emitting diode ("LED") technology and information for high performance LED devices and apparatuses using LED devices.

By its Second Amended Complaint ("Complaint"), IMS alleges the following claims against the Defendants, Ruud Lighting, Inc. ("RLI"), Alan Ruud ("Alan")[1], and Christopher Ruud ("Christopher") (collectively, the "Defendants"): breach of fiduciary duty (first cause of action); civil conspiracy (second cause of action); aiding and abetting breach

---

[1]Because the two individual defendants, father and son, respectively, have the same surname, the Court departs its usual practice of referring to individuals by their surname and refers to each by his given name. No disrespect is intended.

of fiduciary duty (third cause of action); breach of contract (fourth cause of action); correction of inventorship under 35 U.S.C. § 256 (fifth cause of action); misappropriation of trade secrets (sixth cause of action); fraud and deceit (seventh cause of action); unfair competition (eighth cause of action); false advertising (ninth cause of action); unjust enrichment (tenth cause of action); and negligent breach of the duty of care (eleventh cause of action).

Pursuant to 28 U.S.C. § 1404(a), the action was transferred to this District by an Order issued on December 7, 2010. (ECF No. 66.) Subject matter jurisdiction is afforded by 28 U.S.C. § 1332, because the parties are citizens of diverse states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and 28 U.S.C. § 1331, because claim for change of inventorship arises under federal statutes. Supplemental jurisdiction over IMS's state law claims is also afforded by 28 U.S.C. § 1367. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

This Decision and Order addresses five pending motions: the Defendants' motions to dismiss, for consolidation of this action with an action pending in this District before United States District Court Judge J. P. Stadtmueller, Case Number 11-C-34 (the "34 action") and, for consolidation of the civil conspiracy claims in this action and in the 34 action, and IMS's motions for leave to file sur-reply in opposition to the Defendants' motion to dismiss and for leave to a file sur-reply in opposition to the Defendants' motion to consolidate. For the reasons stated herein, the Defendants' motion to dismiss is granted in

part and denied in part, both of the Defendants' motions to consolidate are denied, and both of IMS's motions for leave to file sur-replies are denied.

## MOTIONS TO FILE SUR-REPLY BRIEFS

IMS filed two motions requesting permission to file sur-replies in opposition to RLI's motion to dismiss and motion to consolidate (ECF Nos. 120 and 123), stating that it wants to file the sur-reply briefs to respond to arguments raised in the Defendants' reply briefs in support of their motions to dismiss and to consolidate. Review of the briefs on file addressing the motions to dismiss and to consolidate discloses that the issues have been fully briefed and no additional briefing is necessary. Therefore, IMS's motions to file sur-reply briefs are denied.

## MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Defendants seek dismissal of all of the claims in IMS's Complaint. The Defendants analyze the IMS's state law claims under California substantive law because the Complaint alleges that California law governs this action. (Compl. ¶ 18 & Causes of Action 1-4 & 6-11.) The Court will do the same. Nonetheless, the Court notes that the Defendants state they reserve the right to argue at a subsequent date that Wisconsin law applies.

Rule 12(b)(6) allows dismissal of a suit based on the plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order for a plaintiff to survive Rule 12(b)(6) motion to dismiss, a plaintiff "must plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *Atkins v. City of Chicago*, 631 F.3d

823, 832 (7th Cir. 2011) (quoting *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009)).

The purpose of a motion to dismiss, however, is to test the sufficiency of the complaint, not

to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

When analyzing its sufficiency, the Court construes a complaint in the light most favorable

to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's

favor. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011).

## Background[2]

IMS, a California corporation having its principal place of business in Irvine,

California, is a global technology leader specializing in the design and manufacture of high

performance LED devices and apparatuses using LED devices. (Second Am. Compl.

("Compl.") ¶ 6.) RLI, a Wisconsin corporation having a principal place of business in

Racine, is engaged in the lighting industry. (*Id*. at ¶¶ 9, 34.) Alan and Christopher are both

residents of Wisconsin. (*Id*. at ¶¶ 7-8.) Until sometime in 2009, Alan was RLI's President,

and Christopher was its executive vice president. (*Id*. at ¶ 9.) Presently, Christopher is the

President of RLI, and Alan is the Chairman and CEO of RLI. (*Id*.)

In 2003, IMS and RLI were "introduced" by a mutual business acquaintance.

(*Id*. at ¶ 38.) At the time, IMS was engaged in research and development efforts to replace

conventional light sources with LEDs. (*Id*.)

Prior to 2003, RLI only sold conventional type lighting. (*Id*. at ¶ 34.) IMS saw

potential for incorporating its LED modules into numerous types of products including many

---

[2]The Background Facts are based on the Second Amended Complaint whose factual allegations are taken as true.

RLI products. (*Id.*) In March 2003, IMS began communicating certain portions of its LED-related technology and information to the Defendants. (*Id.*)

In January 2006, IMS's research and development efforts resulted in a significant milestone for streetlight and other LED applications. (*Id.* at ¶ 33.) This newly invented technology came to be known by IMS as the "Blob" optic. (*Id.*) The Blob is a lens device that is placed between a light source, such as a LED, and a surface illuminated light source, and defines the pattern of the light projected on the surface. (*Id.*)

In late 2005 and early 2006, IMS and the Defendants intensified their discussions of expanding their business relationship. (*Id.* at ¶ 39.) The Defendants advised IMS of their desire to invest $250,000 in IMS. (*Id.*)

From April 2006 until late 2007, RLI was a shareholder of IMS and retained one seat on IMS's board of directors (the "Board"). (*Id. at ¶¶* 7-8.) From April 2006 until late 2007, Alan was RLI's formal representative on IMS's Board, although Christopher also attended some Board meetings and other meetings, with Alan, or acting as Alan and RLI's representative and agent. (*Id.* at ¶¶ 9, 39-40.)

Between 2006 and 2007, the Defendants were bound by obligations of confidentiality and their fiduciary relationships with IMS. (*Id.* at ¶ 41.) In reliance on the Defendants' contractual and fiduciary relationships, the frequency of the communications of proprietary LED-related technology and information from IMS to the Defendants increased in early 2006 and continued until December 2007. (*Id.*)

After the Blob technology was developed, IMS introduced the Blob to the Defendants in early 2006 for purposes of potential incorporation of the Blob and other IMS technology into one or more of the Defendants' products.  (*Id*. at ¶ 42.)  In furtherance of their plan, IMS and RLI entered into a marketing agreement (the "Marketing Agreement") concerning LED products.  (*Id*. at ¶ 43.)

Between early 2006 and December 2007, the Defendants requested a host of confidential and proprietary information from IMS regarding IMS's LED modules, light bars, optics and related products and technology.  (*Id*. at ¶ 44.)  Based on their agreements and RLI's seat on the IMS's Board, IMS disclosed virtually all of the information and materials requested by the Defendants, including drawings, electronic files, physical products and prototypes, and photographs.  (*Id.*)

RLI began its own LED initiatives in 2006.  (*Id*. at ¶ 37.)  Less than a year later, in 2007, based on IMS's years of work, RLI announced a line of LED lighting fixtures called The Edge under its brand name BetaLED.  (*Id*.)  Shortly thereafter, RLI launched of a line of interior LED luminaries under its KramerLED brand. (*Id*.)  IMS alleges that RLI's "light speed" move to the market of LED lighting was the result of  its wrongful conduct and actions toward IMS.  (*Id*.)

-6-

**California's Uniform Trade Secret Act Preemption**

The Defendants assert that IMS's sixth cause of action for misappropriation of trade secrets under California's Uniform Trade Secret Act ("CUTSA"), Cal. Civ. Code § 3426, preempts most of IMS's first, second, third, seventh, eighth, tenth, and eleventh causes of action because those claims "all reduce to the same core allegations: that the Defendants misused confidential and secret IMS information." (Defs.' Mem. Supp. Mot. Dismiss, 8) (ECF No. 97.) IMS, however, maintains that each of its common law causes of action rests upon facts that are not dependent on its misappropriation claim. (Pl.'s Resp. Mot. Dismiss, 9) (ECF No. 110.)

CUTSA explicitly states that it does not preempt claims which derive from "(1) contractual remedies, whether or not based upon misappropriation of a trade secret, (2) other civil remedies that are not based upon misappropriation of a trade secret, or (3) criminal remedies, whether or not based upon misappropriation of a trade secret." Cal. Civ. Code § 3426.7(b). *Gabriel Technologies Corp. v. Qualcomm Inc.*, No. 08cv1992-MMA(POR), 2009 WL 3326631, at *11 (S.D. Cal. Sept. 3, 2009), explains the CUTSA case law as follows:

> Courts have held that where a claim is based on the "identical nucleus" of facts as a trade secrets misappropriation claim, it is preempted by CUTSA. *See Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1033 ([N.D. Cal.] 2005) (holding that unfair competition claim was preempted by CUTSA because it was based on same nucleus of facts as trade secret misappropriation claim). Preemption is not triggered where the facts in an independent claim are similar to, but distinct from, those underlying the misappropriation claim. "The preemption inquiry for those causes of action not specifically exempted by

-7-

> § 3426.7(b) focuses on whether other claims are no more than a restatement of the same operative facts supporting trade secret misappropriation . . . If there is no material distinction between the wrongdoing alleged in a [C]UTSA claim and that alleged in a different claim, the [C]UTSA preempts the other claim." *Convolve, Inc. v. Compaq Computer Corp.*, [No. 00-cv-5141,] 2006 U.S. Dist. LEXIS 13848, 2006 WL 839022, at *6 (S.D.N.Y. [Mar. 31, 2006]) (applying California law).

CUTSA also preempts all claims "based upon the misappropriation of . . . confidential information, whether or not that information meets the statutory definition of a trade secret." *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011).

IMS's trade secrets and other confidential and proprietary information include "technology developed or produced for its light bars, LED modules, optics, lenses, or other related products" and the "experience or knowhow . . . to operatively or functionally combine one or more of IMS's products, whether with one another or with a lighting fixture being modified or produced for use with IMS's LED technology." (Compl. ¶¶ 126-27.) The Defendants' misappropriation took the following forms: (1) breaching confidential relationships by improperly using IMS's trade secret information to design, develop, and sell one or more of their LED-related products which directly compete with IMS's products or which the Defendants used in place of IMS's products contrary to the Defendants' promises or representations to IMS; (2) filing for and receiving one or more patents that include confidential and proprietary IMS-information; (3) developing, marketing, or managing sales of the Defendants' products that embody the unlawfully obtained information and unjustly enriched the Defendants; and (4) using confidential information to unlawfully accelerate the

-8-

research and development of their products. (*Id.* at ¶¶ 133-38.) Considering the foregoing, the Court addresses the Defendants' contentions with respect to preemption.

### First Cause of Action: Breach of Fiduciary Duty

IMS's first cause of action states that the Defendants breached their fiduciary duties owed to IMS while maintaining a position on IMS's Board by (1) secretly planning to compete with IMS; (2) misusing information obtained by virtue of their fiduciary relationships with IMS; (3) misusing IMS-information to acquire property in which IMS had an interest or a tangible expectancy or which was vital to its success and existence; (4) secretly planning to prepare and file patent applications, and ultimately obtaining those patents; (5) using inside information concerning IMS's LED technology, methods, and products to position themselves for their own preferment at the detriment of IMS; (6) founding and maintaining their own LED technology development program in competition with or to the exclusion of IMS and failing to disclose their program to IMS at a reasonable or appropriate time; (7) using inside information to found, bolster or accelerate their own LED technology development program in competition with IMS; (8) actively obtaining confidential IMS information with a bad faith intent to profit from it, to IMS's detriment, by using such information to reduce development time and costs, and time to market for the Defendants' own products sold in competition with IMS; (10) marketing and selling or causing one or more affiliates to market and sell a line of LED products that the Defendants knew incorporated IMS technology without reference to IMS's contributions; and (11) using

confidential information to prevent IMS from entering the marketplace as quickly as it could have had if the Defendants effectuated their representations to IMS. (*Id*. at ¶¶ 48-61.)

The gravamen of IMS's breach of fiduciary duty claim is the same conduct alleged regarding the misappropriation of trade secrets – that the Defendants obtained and used confidential information for their own benefit and to the detriment of IMS. Factually, the conduct derives from "the same nucleus of facts" as the trade secrets claim. Therefore, IMS's cause of action for breach of fiduciary duties is preempted. *See Digital Envoy*, 370 F. Supp. 2d at 1035.

### Second Cause of Action: Civil Conspiracy

According to the civil conspiracy cause of action, the Defendants entered into a conspiracy to have Alan breach his fiduciary obligations to IMS. (Compl. ¶ 64.) The Defendants agreed to obtain IMS information by virtue of the RLI seat with IMS, and they used the information to improperly prepare and file one or more patent applications, and ultimately obtain one or more patents that were assigned to RLI. (*Id.* at ¶ 65.) The Defendants knew that the information used in the patent applications was being used for an improper means by filing a patent application including such information. (*Id*. at ¶ 67.)

The elements of a claim of civil conspiracy "are (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design." *Rusheen v. Cohen,* 37 Cal.4th 1048, 1062, 39 Cal. Rptr. 3d 516, 526 (Cal. 2006). IMS's civil conspiracy claim rests on the identical nucleus of facts as alleged in its misappropriation of trade secrets claim. If the portions of the conspiracy

-10-

claim regarding the misappropriation of confidential information are excised, IMS's has failed to state a plausible conspiracy claim. Therefore, the conspiracy cause of action is dismissed based on preemption by CUTSA.

The Defendants also contend that IMS's civil conspiracy claim must be dismissed under California's agent immunity rule. However, in light of the foregoing, the Court need not address that contention.

### Third Cause of Action: Aiding and Abetting the Breach of Fiduciary Duty

As its third cause of action for aiding and abetting the breach of fiduciary duty, IMS states that each Defendant had actual knowledge of the others' fiduciary status and had actual knowledge of the others' acts which constituted a breach of that entity's or person's fiduciary duties and each Defendant participated in seeking and obtaining confidential or proprietary information, and this information was used improperly to prepare and file one or more patent applications that were ultimately obtained and assigned to RLI. (*Id*. at ¶¶ 78-81.) The Defendants were aware of the Defendants' patent applications, and substantially assisted in the collection and misuse of IMS information used in those patent applications. (*Id*. at ¶ 79.)

A California common law claim for aiding and abetting an intentional tort such as breach of fiduciary duty must allege that: (1) defendant knew the other person's conduct constituted a breach of duty and gave substantial assistance or encouragement to the other to so act, or (2) the defendant gave substantial assistance to the other in accomplishing a tortious result and the person's own conduct, separately considered, constituted a breach of

-11-

duty to the third person. *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App.4th 1138, 1144-45, 26 Cal. Rptr. 3d 401, 405 (Cal. Ct. App. 2005). This claim relies on the identical nucleus of facts that provide the basis for IMS's misappropriation of trade secrets claim. Both claims include the taking of IMS's information and using it to obtain patents for the Defendants. Absent the facts regarding the misuse of confidential or proprietary information from this claim, IMS fails to state a claim upon which relief may be granted. Therefore, such claim must be dismissed.

### Seventh Cause of Action: Fraud and Deceit

IMS's fraud and deceit claim states that on about May 4, 2006, the Defendants made numerous misrepresentations to IMS, including but not limited to those regarding the Marketing Agreement, whereby the Defendants agreed to market RLI's new LED-based luminaries with explicit reference to IMS technology in all of its efforts and to afford the right of first refusal to integrate IMS technology on all RLI present and future LED product programs beginning no later than May 4, 2006. (Compl. ¶¶ 141-42.) IMS states, upon information and belief, that the Defendants "executed [this agreement and never] had any intention to perform, and in fact took no steps to perform, [their] promises with respect to, *inter alia*, luminaries created subsequent to the point in time when [the] Defendants developed the ability to create their own LED modules by improperly using the teachings, experience and confidential information of IMS." (*Id*. at ¶ 142.) IMS further states, upon information and belief, that the Defendants entered into the Marketing Agreement without any intentions of performance knowingly with intent to defraud and induce IMS to rely upon

-12-

the promises and enter into the Marketing Agreement to "allow [the Defendants] broader access to IMS's confidential information and materials so that [they] could improperly use the same to accomplish what would otherwise by materially more costly and time consuming." (*Id*. at ¶ 145.)

The Defendants offer little support for their argument that IMS's fraud claim is preempted, only making a fleeing reference to *Farahang v. Indian Institute of Technology, Kharagpur*, No. C-08-02658 RMW, 2010 WL 2228936, at *11-12 (N.D. Cal. June 1, 2010). *Farahang* involves defendants who made false representations with regards to a joint venture arrangement. *See Farahang*, 2010 WL 1397065, at *12. After noting that the plaintiffs' fraud claim was based on the defendants' use of the plaintiffs' resources in service and implementation of their conspiracy to develop and exploit the plaintiffs' intellectual property for their own benefit, the court found that the fraud claim was preempted because it rested on the same nucleus of facts as the plaintiff's trade secret misappropriation claim. *Farahang*, 2010 WL 2228936, at *12. *Farahang* could be viewed as favoring the Defendants' position that IMS's fraud claim should be dismissed.

However, IMS's fraud claim is more analogous to that of *Qualcomm,* where the plaintiffs were allowed to proceed on their fraud claim because the claim was based on the "[d]efendants' misrepresentations regarding intent to perform in the future according to agreed upon contractual terms." *Qualcomm*, 2009 WL 3326631, at *13. In the instant Case, the Defendants made misrepresentations regarding their intent to perform their duties under the Marketing Agreement. (Compl. at ¶ 142.) IMS also links the Defendant's

-13-

misrepresentations regarding the Marketing Agreement to the Defendants' intent to obtain confidential information from IMS that they would later misappropriate. (*See generally id.* at ¶ 145.) By doing so, IMS bases its fraud claim, in part, on the same nucleus of facts as its misappropriation of trade secrets claim.

However, disregarding the allegations relating to the Defendants' intent to obtain confidential information and use it for improper means, IMS still has a viable independent claim. IMS states that at the time the Defendants entered into the Marketing Agreement, they never had any intention to perform their duties under the contract. Since IMS's fraud claim is not based entirely on the same nucleus of facts as its trade secret misappropriation claim, IMS may proceed on its fraud cause of action.

### Eighth Cause of Action: Unfair Business Competition

According to IMS's statutory unfair business competition claim, the Defendants' actions with respect to their promoting, marketing, and sales of products incorporating IMS technology without reference to IMS, constitutes unfair, deceptive, untrue or misleading advertising under Cal. Bus. & Prof. Code § 17200 *et seq.* and common law. (Compl. ¶ 155.) IMS incorporates the prior paragraphs of the Complaint by reference. (*Id.* at ¶ 153.)

IMS states that the Defendants have unfairly used, converted or misappropriated IMS's products and technology while engaging in a business practice. (*Id.* at ¶ 156.) More specifically, IMS states that the Defendants engaged in unfair business practices "because [the] Defendants have deceptively and unfairly marketed, advertised, sold,

-14-

or distributed goods, such as under their Beta LED 'The Edge' brand name, that include IMS's products or technology while falsely claiming to have independently developed each aspect of such goods." (Compl. ¶ 158.)

California law recognizes claims for both common law unfair competition and statutory unfair competition. *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 961, 90 Cal. Rptr. 3d 247, 263 (Cal. Ct. App. 2009)(citation omitted). However, "[a] claim for common law or even statutory unfair competition may be preempted . . . if it relies on the same facts as the misappropriation claim." *Id.* "Courts and commentators frequently analyze separately unfair competition and trade secrets protection." *Id.* "Nevertheless, at bottom, trade secret protection is itself but a branch of unfair competition law." *Id.*

Alleging that a defendant has engaged in unfair business practices by misappropriating trade secrets is generally preempted by CUTSA. *See Softchoice Corp. v. En Pointe Techns., Inc.*, No. SCo88295, 2006 WL 3350798, at *2 (Cal. Super. Ct. Nov. 13, 2006). However, IMS alleges unfair business competition with regards to a specific line of goods, "The Edge" line of goods, sold by the Defendants. IMS makes no mention of unfair business competition with regards to the allegedly misappropriated confidential information. Therefore, to the extent that IMS's unfair business competition claim relates to specific goods being marketed or sold unfairly, IMS may proceed on its claim.

-15-

### *Tenth Cause of Action: Unjust Enrichment*

IMS, by way of its unjust enrichment claim, states that the Defendants received a benefit from IMS because they received or had access to IMS's proprietary or confidential technology and information. (Compl. ¶ 172.) IMS further states that the Defendants "received a benefit from IMS by way of their receipt of or access to IMS['s] knowhow or experience relating to the development of LED-related modules, lenses, optics, or other technology, such as the benefit of knowledge of actions to either take or avoid taking without incurring the expenses to obtain such knowledge." (*Id*. at ¶ 173.) The gist of IMS's unjust enrichment claim is the same conduct alleged regarding the misappropriation of trade secrets. Accordingly, IMS's unjust enrichment claim is dismissed.

Additionally, although not related to CUTSA preemption, the Defendants argue that IMS's unjust enrichment claim is not a cognizable claim under California law. Review of the case law on this issue discloses that the California courts are split on the issue. *Compare Melchior v. New Line Productions, Inc*., 106 Cal. App.4th 779, 793, 131 Cal. Rptr. 2d 347 (Cal. Ct. App. 2003) (holding that unjust enrichment "does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so"), *with Ghiardo v. Antonioli*, 57 Cal. Rptr.2d 687, 693-94, 924 P.2d 996, 1002-03 (Cal. 1996)(holding that plaintiffs may state a claim for unjust enrichment particularly where their claim seeks restitution where other remedies are inadequate). Therefore, it is unclear whether unjust enrichment under California law is an independent claim or whether it is merely an equitable remedy. *Fammilop v. Wells Fargo Bank, N.A.*, No.

CV 10-5977-AHM (FFMx), 2011 WL 61614, at *5 (C.D. Cal. Jan.4, 2011). *See also, In re TFTLCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI., 2011 WL 4345435 (N.D. Ca.2011 Sept. 15, 2011) ("California courts are split on the question of whether unjust enrichment is a viable cause of action under California law").

However, with respect to misappropriation of trade secrets, "[a] complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss." Cal. Civ. Code § 3426.3(a). Thus, IMS may seek to recover for unjust enrichment as a part of its misappropriation of trade secrets claim.

### *Eleventh Cause of Action: Negligent Breach of the Duty of Care*

According to IMS's negligent breach of the duty of care claim, the "acts or omissions performed by [the] Defendants in violation of their duties of care toward IMS are the acts and omission complained of in the foregoing paragraphs of [the Complaint]. . . ." (Compl. ¶ 186.) This claim is based on the Defendants' obligations stemming from participation or membership on IMS's Board.

IMS is explicitly relying on the acts or omissions previously complained about in the Complaint. Therefore, IMS is necessary basing its breach of the duty of care claim on the same nucleus of facts as plead in its trade secret misappropriation claim. Therefore, the negligent breach of the duty of care claim must be dismissed as preempted by CUTSA.

### Statutes of Limitations

The Defendants assert that IMS's claims for breach of contract (fourth cause of action), trade secret misappropriation (sixth cause of action), fraud and deceit (seventh

-17-

cause of action), unfair competition (eighth cause of action), and false advertising (ninth cause of action) are time-barred by the applicable statutes of limitations and must be dismissed. (Defs.' Mem. Supp. Mot. Dismiss, 12-20)

The assertion that a plaintiff's claim is barred by the statute of limitations constitutes an affirmative defense. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). A motion to dismiss for failure to state a claim may not be granted on the basis of an affirmative defense. *McCready v. eBay, Inc.*, 453 F.3d 882, 892 n.2 (7th Cir. 2006). The purpose of a Rule 12(b)(6) motion is to identify defects in a plaintiff's claim, not the presence of a defendant's affirmative defense. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (finding district court erred in dismissing claim on Rule 12(b)(6) motion raising statute of limitations defense). The Court of Appeals for this Circuit has held that:

> [o]rders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses, for plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission . . . . Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).

*Id.* (emphasis in original).

The Defendants' assertion that certain IMS claims are time-barred is inappropriate in a 12(b)(6) motion to dismiss, unless IMS has plead itself out of court by admitting all the ingredients of an impenetrable statute of limitations defense with respect

-18-

to the above mentioned claims. *See id.* However, the Defendants do not make that argument. Therefore, the Defendants' motion to dismiss is denied insofar as relates to certain IMS claims being time-barred.

## Sixth Cause of Action: Trade Secret Misappropriation – Sufficiency

The Defendants seek dismissal of IMS's claim for trade secret misappropriation (sixth cause of action) arguing that the facts set forth in IMS's Complaint lack the required specificity to withstand dismissal under well-established and fundamental pleading principles. (Defs.' Mem. Supp. Mot. Dismiss, 20)

The confidential and proprietary information at issue is the "technology developed or produced for its light bars, LED modules, optics, lenses, or other related products," as well as the "experience or knowhow . . . to operatively or functionally combine one or more of IMS's products . . . ." (Compl. ¶¶ 126-27.) IMS's confidential and proprietary information is "embodied in documents or material such as drawings, emails, other electronic media, notes, records, products or other embodiments." (*Id.* at ¶ 128.)

"A plaintiff alleging trade secret misappropriation need not 'spell out the details of the trade secret' but must identify the trade secret with sufficient particularity to give [the] defendants 'reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance in ascertaining the scope of appropriate discovery.'" *Farahang*, 2010 WL 2228936, at *13 (quoting *Diodes, Inc. v. Franzen*, 260 Cal. App.2d 244, 253, 67 Cal. Rptr. 19 (Cal. Ct. App. 1968)).

-19-

The factual statements of Complaint provide sufficient notice to the Defendants as to the trade secrets IMS is referring to – trade secrets regarding its Blob technology. IMS discusses its Blob technology as being the technology at issue in this case. (Compl. ¶ 33.) IMS states that it introduced the Blob technology to the Defendants in early 2006 for purposes of potential incorporation of the Blob technology and IMS's other technology into one or more of the Defendants' products. (*Id*. at ¶ 42.) IMS disclosed virtually all of the information and materials requested by the Defendants, including such materials as drawings, electronic files, physical products and prototypes, and photographs. (*Id*. at ¶ 44.) Less than a year after showing the Defendants the "Blob" technology, RLI announced its own line of LED lighting fixtures called "The Edge" and shortly thereafter launched a line of interior LED luminaries. (*Id*. at ¶ 37.)

The foregoing facts plead by IMS are sufficient to place the Defendants on notice of what trade secrets are at issue. Therefore, IMS's trade secret misappropriation claim is not subject to dismissal.

## Seventh Cause of Action: Fraud and Deceit - Rule 9(b)

The Defendant also contend that IMS has failed to sufficiently plead a claim of fraud under Rule 9(b) of the Federal Rules of Civil Procedure. (Defs.' Mem. Supp. Mot. Dismiss, 23) According to the Defendants, IMS has not plead its claim of fraud with particularity as to each Defendant, but instead accuses the Defendants as a homogenous group of fraud. (*Id*. at 24.) The Defendants also contend that IMS's fraud claim lacks the specific details of the precise representations that were allegedly fraudulent. (*Id*.)

-20-

IMS, on the other hand, asserts that it has adequately plead its fraud claim. (Pl.'s Resp. Mot. Dismiss, 28.)  Citing *Ackerman v. Northwestern Mutual Life Insurance Co.*, 172 F.3d 467, 471 (7th Cir. 1999), IMS argues that it does not need to plead specific facts supporting its fraud claim with respect to RLI because where the "principal's liability is derivative from the agent's fraud, there is no need to allege a fraudulent representation by the principal."  IMS asserts that it "has plead amply sufficient facts to put the Defendants on notice of the allegations of fraud against which they must defend."  (Pl.'s Resp. Mot. Dismiss, 28.)

Rule 9(b) states that when a party "alleg[es] fraud or mistake, the party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Fraud based on misrepresentations, the most common type of fraud, merely requires a plaintiff to state in the complaint "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992).  Pleading fraud by misrepresentations does not require the plaintiff to show that the representation is indeed false.  *Id.*

Review of IMS's fraud claim establishes that IMS has satisfied Rule 9(b)'s requirements.  IMS states that the Defendants entered into the Marketing Agreement with IMS on or about May 4, 2006, but had no intention of performing their duties under the agreement – that the Defendants, *inter alia*, agreed to use IMS's LED technology in their

-21-

products, but never intended to actually perform, and took no steps to perform this promise. (Compl. ¶ 142.) Although IMS does not allege who specifically made the misrepresentations, but rather that the Defendants as a whole made the misrepresentations, "the [D]efendants can get all the information [they] need to meet [the 'who' requirement] by filing a contention interrogatory." *Ackerman*, 172 F.3d at 469.

With respect to the Defendants' intentions with regards to performance of the Marketing Agreement, Rule 9(b)'s particularity requirement is not satisfied by allegations of fraud based on "information and belief," unless the facts are peculiarly within the adversary's knowledge. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir.1992). In such a case, the allegations of fraud "must be accompanied by a statement of the facts upon which the belief is founded." *Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir.1962); *see also Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir.1992) ( "allegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions"). Here, although not explicitly stated, the reasonable inference from the factual statements of the Complaint, is that the Defendants' intention not to perform is demonstrated by their actions to the contrary. Thus, the fraud and deceit claim will not be dismissed on Rule 9(b) grounds.

-22-

**Fifth Cause of Action:   Correction of Inventorship – Sufficiency**

The Defendants also assert that IMS has not sufficiently plead a claim for correction of inventorship focusing on the identification of the patents at issue.  IMS asserts that it has an ownership interest in U.S. Patent No. 7,425,084 (the "'084 patent"), and one or more other of the Ruud Patents.  (Compl. ¶ 121.)  Defendants assert that IMS's correction of inventorship claim is insufficient because "nowhere does IMS identify the 'one or more of the other Ruud Patents.'"  (Defs.' Mem. Supp. Mot. Dismiss, 29-30.)

Reviewing the Complaint in the light most favorable to IMS, this Court construes "one or more other of the Ruud Patents" as referring to one or more of the other patents listed in paragraph 47 of the Complaint –  U.S. Pat. No. 7,618,163;  now U.S. Pat. No. 7,976,194; U.S. Pat. No. 7,938,558; and U.S. Pat. No. 7,952,262.  IMS may proceed on its correction of inventorship claim only to the extent that "one or more other of the Ruud Patents" relates to the above mentioned patents.

**Summary**

The Defendants' motion to dismiss is granted in part and denied in part. IMS's first cause of action (breach of fiduciary duty), second cause of action (civil conspiracy), third cause of action  (aiding and abetting breach of fiduciary duty), tenth cause of action (unjust enrichment), and eleventh cause of action (negligent breach of the duty of care) are dismissed.   The motion to dismiss is denied as to IMS's fourth cause of action (breach of contract), fifth cause of action  (correction of inventorship), sixth cause of action

-23-

(misappropriation of trade secrets), seventh cause of cause (fraud and deceit), eight cause of action (unfair business competition), and ninth cause of action (false advertising).

**MOTIONS TO CONSOLIDATE ACTIONS AND CONSPIRACY CLAIMS**

Relying on Rule 42(a) of the Federal Rules of Civil Procedure, the Defendants seek to consolidate this action with the 34 action pending before Judge Stadtmueller. The Defendants filed a separate motion seeking consolidation of the conspiracy claims in the '34 action and this action. (ECF No. 128.) However, since the Court has dismissed IMS's civil conspiracy claim in this action, the Defendants' motion to consolidate the conspiracy claims is denied as moot. Additionally, for the reasons stated herein, the Defendants' motion to consolidate the actions is denied.

In *Ruud Lighting, Inc. v. Cooper Lighting, LLC*, No. 10-cv-280 (E.D. Wis. Dec. 8, 2011) (ECF No. 92), Chief Judge Charles N. Clevert summarized the applicable law as follows:

> Rule 42 permits a district court to order the consolidation of "actions involving a common question of law or fact" that are "pending before the court." *United States for Use of Owens-Corning Fiberglass Corp. v. Brandt Const. Co.*, 826 F.2d 643, 647 (7th Cir. 1987). The purpose of joining actions is to promote convenience and judicial economy. *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97, 53 S. Ct. 721, 77 L. Ed. 1331 (1933). Pursuant to Civil Local Rule 42(a) (E.D. Wis.), the motion to consolidate is decided by the court to whom the lowest case number is assigned. Ultimately, the decision to consolidate is committed to the sound discretion of the court. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

After reviewing the Complaints in both actions, this Court conclude that there are not common questions of law or fact that warrant consolidation of the cases. Currently

-24-

six claims are pending in this action: IMS's fourth cause of action for breach of contract; fifth cause of action for correction of inventorship; sixth cause of action for misappropriation of trade secrets; seventh cause of action for fraud and deceit; eighth cause of action (unfair business competition); and ninth cause of action (false advertising). The first amended complaint pending in the '34 action alleges two counts of patent infringement and one count of civil conspiracy. (34 action - ECF No. 89.)

Comparison of the claims in the actions makes it readily apparent that the two cases do not raise common questions of law. The two counts of patent infringement in the '34 action involve completely different questions of law than those alleged in this action. Although the '34 action includes a conspiracy claim, it primarily involves questions of federal patent law. This action predominantly involves questions of California law involving corporations, contracts, and trade secrets.

Furthermore while there may be some common facts between the two actions, the '34 action involves questions of whether RLI, without authority, made, used, offered to sell, or sold any patented inventions of IMS. *See* 35 U.S.C. § 271(a) (2010). Conversely, this action involves questions of whether any or all of the Defendants performed any actions that breached the contract with IMS, misappropriated IMS's trade secrets, constituted fraud and deceit upon IMS, and resulted in unfair competition against IMS. Likewise, the correction of inventorship claim in this action concerns RLI's patents, not IMS's patents that are at issue in the '34 action.

-25-

Furthermore, as Chief Judge Clevert observed previously in denying RLI's prior motion to consolidate (ECF No. 92), the two actions have proceeded on separate paths. The '34 action is moving quickly in Judge Stadtmueller's court, summary judgment motions are pending in that action, and the trial of that matter is to commence on November 13, 2012. This factor weighs against consolidating both actions in their entirety as it would not be in the interest of judicial economy and would likely delay the resolution of the 34 action.

Any factual overlap between the two actions does not warrant consolidation of the actions – especially since the actions pertain to distinct areas of law and have proceeded on separate paths.  Therefore, the  Defendants' motion to consolidate action is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

IMS's motion for leave to file a sur-reply in opposition to the Defendants' motion to dismiss (ECF No. 120) is **DENIED**;

IMS's motion for leave to file a sur-reply in opposition to the Defendants' motion to consolidate actions (ECF No. 123) is **DENIED**;

The Defendants' motion to dismiss (ECF No. 96) is **GRANTED** in part, and **DENIED** in part;

IMS's first cause of action (breach of fiduciary duty), second cause of action (civil conspiracy), third cause of action  (aiding and abetting breach of fiduciary duty), tenth

cause of action (unjust enrichment), and eleventh cause of action (negligent breach of the duty of care) are **DISMISSED**;

The Defendants' motion to consolidate (ECF No. 99) the '34 action and this action in their entirety is **DENIED**; and

The Defendants' motion to consolidate the civil conspiracy claims in the '34 action and this action (ECF No. 128) is **DENIED**.

The Clerk of Court is **DIRECTED** to file a copy of this Decision and Order in the '34 action.

Dated at Milwaukee, Wisconsin, this 14th day of September, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

-27-